UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PANO CHURCHILL,<br><br>               Plaintiffs,<br><br>    v.<br><br>JOSHUA ANDERSON,<br><br>               Defendant. | Cause No. C23-1013RSL<br><br>ORDER REQUIRING A MORE DEFINITE STATEMENT |

On July 10, 2023, plaintiff's application to proceed *in forma pauperis* was granted and his complaint was accepted for filing. The Court, having reviewed the record as a whole (including the transaction from submitted with the pleading) under the standards articulated in 28 U.S.C. § 1915(e)(2) and having construed the allegations of the complaint liberally (*see Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003)), finds that plaintiff's complaint is deficient.

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint will be dismissed unless it states a cognizable legal theory that is supported by sufficient facts to state a "plausible" ground for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). All well-pleaded allegations are presumed to be true, with all reasonable inferences drawn in favor of the non-moving party. *In re Fitness*

ORDER REQUIRING A MORE
DEFINITE STATEMENT - 1

*Holdings Int'l, Inc.*, 714 F.3d 1141, 1144-45 (9th Cir. 2013). Although a complaint need not provide detailed factual allegations, it must give rise to something more than mere speculation that plaintiff has a right to relief. *Twombly*, 550 U.S. at 555.

  Plaintiff identifies defendant Joshua Anderson as an agent of the Federal Bureau of Investigation and accuses him of (1) refusing to protect plaintiff, (2) damaging plaintiff, and (3) being a Chinese spy. Plaintiff does not allege facts in support of these bald accusations and does not identify any claim for relief against the named defendant. Based on the existing record, the Court cannot ascertain whether defendant had a duty to protect plaintiff, when, how, or why defendant damaged plaintiff, why plaintiff believes defendant is a Chinese spy, or how he has a legally-protected interest in litigating that fact.[1] At a bare minimum, Rule 8(a) mandates that plaintiff "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The complaint fails to serve this vital purpose.

---

[1] Plaintiff requests to speak with the U.S. Attorney "to expose" defendant and "remove him." Dkt. # 4 at 7. He also seeks "disclosure of all papers related to [his] case" and "action against [his] attackers." Dkt. # 4 at 5. Filing a federal lawsuit is not necessary to communicate with the U.S. Attorney. The Acting U.S. Attorney for the Western District of Washington, Tessa Gorman, is a public servant who can be reached at:

  United States Attorney's Office
  700 Stewart Street, Suite 5220
  Seattle, WA 98101-1271

  Telephone: (206) 553-7970
  Toll Free: (800) 797-6722

Plaintiff has not alleged any facts identifying the papers he seeks, who holds them, or how he has a right to compel their production. Nor has he provided any facts from which the Court could infer a viable claim for relief from unspecified attackers.

ORDER REQUIRING A MORE
DEFINITE STATEMENT - 2

For all of the foregoing reasons, the Court declines to issue a summons in this matter. Plaintiff is hereby ORDERED to file on or before August 16, 2023, an amended complaint which clearly and concisely identifies the acts of which Mr. Anderson is accused and how those acts violated plaintiff's legal rights. The key to filing an acceptable amended complaint will be providing enough facts about the conduct of the defendant that he has sufficient notice to mount a defense and from which one could plausibly infer that plaintiff has a viable legal claim and a right to relief against him. The amended complaint will replace the existing complaint in its entirety. Failure to timely file an amended complaint that asserts a plausible claim for relief will result in dismissal of this action.

The Clerk of Court is directed to place this Order Requiring More Definite Statement on the Court's calendar for consideration on Friday, August 18, 2023.

Dated this 12th day of July, 2023.

Robert S. Lasnik
United States District Judge

ORDER REQUIRING A MORE
DEFINITE STATEMENT - 3